J-S78034-17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellee :
:
v. :
:
DESSORAE WYANT, :
:
Appellant : No. 948 WDA 2017

Appeal from the Judgment of Sentence June 6, 2017
in the Court of Common Pleas of Erie County,
Criminal Division, at No(s): CP-25-CR-0001779-2015

BEFORE:    OLSON, DUBOW, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:    **FILED JANUARY 23, 2018**

Dessorae Wyant (Appellant) appeals from her June 6, 2017 judgment of sentence of an aggregate term of 27 to 59½ months' incarceration following the revocation of her parole and probation.  Counsel has filed a petition to withdraw and a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967).   We affirm Appellant's judgment of sentence and grant counsel's petition to withdraw.

On December 20, 2016, Appellant pled guilty to theft by deception and bad checks.   Appellant waived the preparation of a pre-sentence investigation report (PSI) and proceeded to sentencing that same day.  N.T., 12/20/2016, at 12-13.  Despite Appellant's status as a repeat offender, the trial court indicated it was willing to accept Appellant into the Erie County Treatment Court Program.  *Id.* at 15-16.  As such, the court sentenced

---

*Retired Senior Judge assigned to the Superior Court.

Appellant to nine to 23 months' incarceration for bad checks, and ordered she be paroled to Gaundenzia's House of Healing on December 27, 2016. *Id.* at 17-18. The trial court also imposed a consecutive term of five years' probation for theft by deception, plus 50 hours of community service. *Id.* at 18.

A parole/probation revocation hearing was held on June 6, 2017. At that hearing, the Commonwealth averred Appellant violated several conditions of her contract including, *inter alia*, failing to report to her parole/probation officer, testing positive for a controlled substance, and leaving the House of Healing without permission. N.T., 6/6/2017, at 4-6. Appellant admitted to all of these violations. *Id.* The Commonwealth also informed the court that following Appellant's departure from the House of Healing, she boarded a Greyhound bus to Pittsburgh and was eventually arrested on new charges. *Id.* at 9-10.

Based on the foregoing, the revocation court revoked Appellant's parole and consecutive term of probation. *Id.* at 11. The court re-imposed Appellant's sentence of nine to 23 months' incarceration for bad checks.[1] The court then revoked Appellant's period of probation she received for theft by deception and sentenced her to a consecutive term of 18 to 36 months' imprisonment. *Id.* When imposing this sentence, the revocation court noted that Appellant's subsequent arrest and new charges indicated that she

_____

[1] The court awarded Appellant credit for time served.

was not "amenable to community supervision." *Id.* However, the court did authorize Appellant to receive available treatment in prison. *Id.*

Appellant filed a post-sentence motion wherein she asked for reconsideration and modification of her sentence. Specifically, Appellant requested the revocation court "reconsider its decision to order that the sentences be served consecutively and instead order concurrent sentences." Post-Sentence Motion, 6/13/2016.

The revocation court denied Appellant's motion without a hearing. This timely-filed appeal follows. In this Court, counsel has filed both an *Anders* brief and a petition to withdraw as counsel. Accordingly, the following principles guide our review.

> Direct appeal counsel seeking to withdraw under *Anders* must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an *Anders* brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof….
>
> *Anders* counsel must also provide a copy of the *Anders* petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed pro se or raise any additional points worthy of this Court's attention.
>
> If counsel does not fulfill the aforesaid technical requirements of *Anders*, this Court will deny the petition to withdraw and remand the case with appropriate instructions (*e.g.*, directing counsel either to comply with *Anders* or file an advocate's brief on Appellant's behalf). By contrast, if counsel's petition and brief satisfy *Anders*, we will then undertake our own review of the appeal to determine if it is wholly frivolous. If the appeal is frivolous, we will grant the withdrawal petition and affirm the judgment of sentence. However, if there are non-

frivolous issues, we will deny the petition and remand for the filing of an advocate's brief.

***Commonwealth v. Wrecks***, 931 A.2d 717, 720-21 (Pa. Super. 2007) (citations omitted). Further, our Supreme Court has specified the following requirements for the ***Anders*** brief:

> in the ***Anders*** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Santiago***, 978 A.2d 349, 361 (Pa. 2009).

Based upon our examination of counsel's petition to withdraw and ***Anders*** brief, we conclude that counsel has substantially complied with the technical requirements set forth above.[2] Thus, we now have the responsibility "'to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous.'" ***Commonwealth v. Flowers***, 113 A.3d 1246, 1249 (Pa. Super. 2015) (quoting ***Santiago***, 978 A.2d at 354 n. 5).

In her ***Anders*** brief, counsel states the following question for this Court's review: "Did the revocation court commit an abuse of discretion when it imposed a consecutive, rather than [a] concurrent[] sentence of

---

[2] Appellant has not filed a response to counsel's petition to withdraw.

total confinement for the theft conviction?" **Anders** Brief at 6 (suggested answer and unnecessary capitalization omitted). Thus, the sole issue identified by counsel concerns her sentence. We consider this claim mindful of the following.

It is within this Court's scope of review to consider challenges to the discretionary aspects of an appellant's sentence in an appeal following a revocation of probation. **Commonwealth v. Ferguson**, 893 A.2d 735, 737 (Pa. Super. 2006).

> The imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal. An abuse of discretion is more than an error in judgment—a sentencing court has not abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will.

**Commonwealth v. Simmons**, 56 A.3d 1280, 1283–84 (Pa. Super. 2012) (citation omitted).

> An appellant is not entitled to the review of challenges to the discretionary aspects of a sentence as of right. Rather, an appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction. We determine whether the appellant has invoked our jurisdiction by considering the following four factors:
>
> > (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence

appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[] § 9781(b).

***Commonwealth v. Samuel***, 102 A.3d 1001, 1006-07 (Pa. Super. 2014) (some citations omitted).

Here, Appellant filed a notice of appeal after she filed a post-sentence motion. Furthermore, the ***Anders*** brief contains a statement pursuant to Pa.R.A.P. 2119(f). Thus, we now turn to consider whether Appellant has presented with a substantial question for our review.

The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. ***Commonwealth v. Paul***, 925 A.2d 825, 828 (Pa. Super. 2007). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Commonwealth v. Griffin***, 65 A.3d 932, 935 (Pa. Super. 2013) (citation and quotation marks omitted).

In her 2119(f) statement counsel questions whether "the revocation court imposed an excessive sentence when it ordered the sentences served consecutively, rather than concurrently." ***Anders*** Brief at 13. Such a claim does not raise a substantial question for our review.

> Although Pennsylvania's system stands for individualized sentencing, the court is not required to impose the "minimum possible" confinement. Under 42 Pa.C.S.[] § 9721, the court has discretion to impose sentences consecutively or concurrently

and, ordinarily, a challenge to this exercise of discretion does not raise a substantial question.

***Commonwealth v. Moury***, 992 A.2d 162, 171 (Pa. Super. 2010) (citation omitted). Moreover, there is no articulable argument to support any contention that the imposition of consecutive sentences in this case was unduly harsh or that it resulted in a manifestly excessive sentence. "[A] bald claim of excessiveness due to the consecutive nature of a sentence will not raise a substantial question."[3] ***Commonwealth v. Diehl***, 140 A.3d 34, 45, (Pa. Super. 2016).

Even if Appellant raised a substantial question allowing this Court to entertain Appellant's claim, she would still not be entitled to relief. Notwithstanding Appellant's repeat offender status, the trial court allowed Appellant to participate in the county's treatment program. Despite Appellant's almost immediate parole into a treatment center, Appellant violated several conditions, warranting the revocation of her sentences. The revocation court explained that based upon the new charges Appellant received, which were "similar in nature to what [Appellant was] under supervision for[,]" the court found Appellant was not "amenable to community supervision." N.T., 6/6/2017, at 11. Furthermore, the court noted that in revoking Appellant's probation, it would impose a sentence in

---

[3] Furthermore, we note that Appellant's motion for a modification of sentence merely requested the revocation court to reconsider its decision to impose consecutive sentences. Appellant did not set forth any allegation that the court abused its discretion by imposing consecutive sentences.

the standard range "even though the guidelines do [not] apply[.]" *Id.* The court's decision to order Appellant's sentences be served consecutively as opposed to concurrently was well within its discretion. *See Commonwealth v. Mastromarino*, 2 A.3d 581, 586–87 (Pa. Super. 2010) ("Long standing precedent of this Court recognizes that 42 Pa.C.S.[ § 9721] affords the sentencing court discretion to impose its sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed.").

Accordingly, we agree with counsel that the issue raised regarding Appellant's sentence is frivolous. Moreover, we have conducted "a full examination of the proceedings" and conclude that "the appeal is in fact wholly frivolous."[4] *Flowers*, 113 A.3d at 1248. Accordingly, we affirm the judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed. Petition to withdraw granted.

---

[4] We reviewed the record mindful of the fact that "the scope of review in an appeal following a sentence imposed after probation revocation is limited to the validity of the revocation proceedings and the legality of the sentence imposed following revocation." *Commonwealth v. Infante*, 888 A.2d 783, 790 (Pa. 2005)

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.

Prothonotary

Date: 1/23/2018